Lynn S. Walsh, OSB #924955
email: walsh@europa.com
205 SE Spokane Street, Suite 300
Portland, Oregon 97202
Telephone: 503-790-2772
Facsimile: 503-238-7501

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KARL ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SNIDER, MD, SUE HEISE, RN, and THE STATE OF OREGON<br><br>    Defendants. | NO. 3:17-cv-01965-BR<br><br>FIRST AMENDED COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983)<br><br>DEMAND FOR JURY TRIAL |

    This is a Civil Rights action concerning the defendants' deliberate indifference to the serious medical needs of a diabetic prisoner while incarcerated in the Oregon Department of Corrections.  Plaintiff was forced to go through a painful and under medicated withdrawal from his methadone maintenance program, and he was denied insulin.  As a result, his diabetic condition has deteriorated, and he endured significant pain and suffering that could have been

Page 1        FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

avoided.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§1983 and 12101 et seq., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, many of the acts and practices alleged herein occurred at Coffee Creek Correctional Facility in Washington County.

## PARTIES

3. Plaintiff Karl Anderson is an adult currently residing in Washington County, Oregon. Mr. Anderson is a diabetic. In addition, at the time of his incarceration within the Oregon Department of Corrections (ODOC), he was on a methadone maintenance program.

4. The Oregon Department of Corrections (ODOC) is an agency of defendant State of Oregon, and is obligated to provide healthcare to its prisoners consistent with health care provided in the community.

5. Defendant Robert Snider, MD is a physician at Coffee Creek Correctional Facility (CCCF) and an employee of the Oregon Department of Corrections (ODOC). At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

6. Defendant Sue Heise, RN is a nurse at CCCF and an employee of ODOC. At all times relevant, she was acting within the scope of her agency or employment, and under color of state

Page 2    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

law.

## FACTUAL ALLEGATIONS

7.  Mr. Anderson suffers from diabetes and drug addiction. At the time of his entry into the ODOC system, he was on insulin, humalog and methadone maintenance.

8.  When he got to CCCF, he was required to go through alcohol withdrawal and drug withdrawal from methadone.

9.  Mr. Anderson arrived at CCCF sometime in the early morning of December 11, 2015. His last methadone dose was on December 10, 2015.

10. Before coming to CCCF he spent a few hours at the Washington County Jail where he was placed on the withdrawal protocol which consisted of several prescriptions drugs that ease the severe symptoms of withdrawal. In addition, the Washington County Jail took steps to monitor and treat his diabetes during the few hours he was there.

11. Mr. Anderson was seen by Nurse Heise upon his arrival at CCCF.

12. The records indicate that the staff at CCCF, and specifically Nurse Heise, were notified of the withdrawal protocol, yet it appears that the protocol was discontinued upon Mr. Anderson's arrival at CCCF.

13. It is believed that the Washington County Jail also notified CCCF of Mr. Anderson's diabetic condition and need for insulin, yet CCCF medical staff failed to prescribe insulin.

14. The ODOC protocol for withdrawal allows the use of Clonopine. Nurse Heise failed to ensure that Mr. Anderson received the ODOC protocol for withdrawal, nor did she continue the Washington County Jail protocol. He was finally placed on the ODOC protocol for withdrawal late in the day on December 13, 2015. Thus he was denied any assistance with the symptoms of

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

withdrawal for two and one-half days, which caused him to suffer severe symptoms of withdrawal.

15. In addition, Mr. Anderson did not receive his insulin for management of his diabetes.

16. On December 13, 2015, Mr. Anderson developed kidney stones and was taken to the ER. Although the ER was not notified of Mr. Anderson's diabetic condition by CCCF staff, the doctors monitored his blood glucose level and it appears that he was provided insulin. He returned to the CCCF infirmary on December 14, 2015.

17. On the morning rounds on or about December 15, 2015, Mr. Anderson asked Dr. Snider why he has not received insulin since his arrival. Dr. Snider stated he would order Mr. Anderson's charts from his prior facilities.

18. Mr. Anderson went back to the ER on December 18, 2015 for additional problems with his kidneys. He was discharged the same day.

19. On December 21, 2015, Mr. Anderson again tells a nurse he is diabetic. The nurse states he will make sure that the provider was informed.

20. It looks like the nurse told Dr. Snider who saw Mr. Anderson the next day. Mr. Anderson told Dr. Snider that he previously took Humalog 70/30. Dr. Snider's note acknowledges that there is a question of whether Mr. Anderson has diabetes and orders that his blood glucose levels (CBGs) be checked and medication started as needed. His CBG that day was only 112, which was most likely because he had not been eating. Dr. Snider also notes that Mr. Anderson has "myalgia like symptoms" which is a complication from diabetes.

21. Although there is a physicians' order in the file from Dr. Snider regarding the CBG check, the records do not show whether this was actually done.

Page 4    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

22. Apparently Dr. Snider was out for a period of time and did not return until December 28, 2015. He saw Mr. Anderson this day, and notes "I don't have papers back yet," and makes no other reference to Mr. Anderson's diabetic condition. He makes no mention of Mr. Anderson's CBG levels, most likely because no testing was done. Dr. Snider did not follow up with any CBG level testing.

23. Dr. Snider did a chart review on December 29, 2015, and again makes no mention of Mr. Anderson's diabetic condition or the lack of CBG testing. He merely states "will continue to monitor."

24. On January 12, 2016, Mr. Anderson is seen by another provider and informs her of his diabetic condition and his previous diabetic medications. Fortunately she ordered labs because the gluclose level was 380. She started Mr. Anderson on metformin (a diabetic medication) right away.

25. The records indicate that ODOC finally started regularly testing Mr. Anderson's blood glucose level on January 13, 2016.

26. The metformin did not manage Mr. Anderson's diabetes, and he ended up becoming hyperglycemic with CBG levels over 500. As a result, some insulin was randomly given in an attempt to stabilize his CBG levels.

27. Mr. Anderson finally started receiving daily insulin on January 22, 2016.

28. Mr. Anderson was transferred to Columbia River Correctional Institution (CRCI) on February 2, 2016.

29. At CRCI he was treated by Dr. Bristol and the CRCI medical staff where he was closely monitored. He continued to have dangerous CBG levels over 500 for the next month, and it took

Page 5     FIRST AMENDED COMPLAINT     LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

a couple of months before his numbers went down to more acceptable levels.

30.     As a result of Dr. Snider's failure to treat Mr. Anderson's diabetic condition, plaintiff has suffered a worsening of his diabetic condition which includes severe neuropathy and physical impairments, and vision impairments.

## FIRST CLAIM FOR RELIEF

### (Civil Rights 42 USC § 1983 against Defendants Snider and Heise)

31.     Plaintiff realleges paragraphs 1-30.

32.     Defendant Snider was deliberately indifferent to Mr. Anderson's serious medical needs as follows:

    a.     In failing to provide medically and constitutionally acceptable treatment for Mr. Anderson's diabetes;

    b.     In failing to monitor Mr. Anderson's diabetic condition by ordering appropriate testing including but not limited to CBG levels, Comprehensive Metabolic Panel and other blood tests, and urinalyses;

    c.     In failing to ensure CBG levels were monitored once he was informed of Mr. Anderson's diabetic condition;

    d.     In failing to order prior medical records or follow up with any previous medical providers in order to appropriately treat Mr. Anderson's diabetic condition; and

    e.     In failing to prescribe adequate medication to treat Mr. Anderson's diabetic condition.

33.     Nurse Heise was deliberately indifferent to Mr. Anderson's serious medical needs as

Page 6     FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

follows:

      a.    In failing to ensure that Mr. Anderson received an adequate withdrawal protocol.

34.    The defendants' treatment of Mr. Anderson violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

35.    As a result of the defendants' violation of Mr. Anderson's Constitutional rights, Mr. Anderson suffered a worsening of his diabetic condition, loss of earning capacity, and he suffered physical and mental pain and suffering. Accordingly, plaintiff is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### (Negligence – State of Oregon)

36.    Plaintiff realleges paragraphs 1-35.

37.    Plaintiff gave defendant State of Oregon a timely Tort Claim Notice as required by ORS 30.275 on or about April 20, 2016.

38.    Defendant ODOC, by and through the conduct of its agents and employees were negligent in the following particulars:

a.    In failing to provide medically acceptable treatment for Mr. Anderson's diabetes;

b.    In failing to monitor Mr. Anderson's diabetic condition by ordering appropriate testing including but not limited to CBG levels, Comprehensive Metabolic Panel and other blood tests, and urinalyses;

c.    In failing to ensure CBG levels were monitored;

Page 7    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

d. In failing to order prior medical records or follow up with any previous medical providers in order to appropriately treat Mr. Anderson's diabetic condition;

e.  In failing to prescribe adequate medication to treat Mr. Anderson's diabetic condition;

f. In failing to ensure that Mr. Anderson receive an adequate withdrawal protocol.

39. Defendant's agents and employees violated their duty to use that degree of care, skill and diligence that is used by ordinarily careful medical providers in the same or similar circumstances in the community or similar community.

40. In the alternative, Defendant's agents and employees knew or in the exercise of reasonable care should have known their acts and omissions as set forth herein would result in a foreseeable risk of injury to others, including plaintiff.

41. Defendant's agents and employees' conduct was unreasonable in light of the risk of harm to plaintiff.

42. As a direct and proximate result of the defendants' acts or omissions, plaintiff has incurred economic damages and noneconomic damages in an amount to be determined at trial.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for his economic and non-economic damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED:  May 9, 2018.

　　　　　　　　　　　　　　　　 /s/ Lynn S. Walsh
　　　　　　　　　　　　　　　Lynn S. Walsh, OSB #92495

Page 8    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

(503)790-2772
Attorney for plaintiff

Page 9            FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com